UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
Alliance Media Group, Inc.,                                         MEMORANDUM
       Plaintiff,                          & OPINION

                02CV5252(SLT)(SMG)

   -against-


Mogul Media, Inc.,

       Defendant.
--------------------------------------------------X
TOWNES, U.S.D.J.

   Plaintiff's motion to dismiss Defendant's First, Second and Third Affirmative Defenses is granted, in part, and denied, in part. This memorandum addresses Plaintiff's claims.

I. *Facts and Procedural History*

   Plaintiff Alliance Media Group, Inc. ("Plaintiff" or "Alliance") is a New Jersey corporation providing out-of-home media outdoor advertising. (Pla.'s R. 56.1 Stat. ¶¶ 1-2.) As such, it connects buyers of outdoor advertising space with sellers. (Pla.'s R. 56.1 Stat. ¶ 3.) Defendant Mogul Media, Inc. ("Defendant" or "Mogul"), a New York corporation, owns several billboards and/or wallboards that are used for outdoor advertising. A dispute arose between the parties after Plaintiff facilitated communication and the eventual leasing of billboard space between Defendant and Zenith Media ("Zenith"). (Pla.'s R. 56.1 Stat. ¶ 15.) Plaintiff alleges that it informed Zenith of the availability of the billboard space, arranged for Zenith to view it and negotiated the price and terms of a 31-month contract ultimately executed by Mogul and Zenith. (*Id.*) Plaintiff asserts that it is due commissions from Defendant for this transaction pursuant to an agreement between it and Defendant, the enforceability of which is disputed.

(Pla.'s R. 56.1 Stat. ¶ 19; Walsh Decl. ¶ 6.) The alleged contract was never signed and Defendant's answer to the Second Amended Complaint ("Answer") contained, *inter alia*, affirmative defenses based on the Statute of Frauds. (Answer ¶¶ 15, 16.)

Additionally, Defendant included in its Answer an affirmative defense arguing that Plaintiff does business in New York without authority and is therefore precluded under New York's General Business Law § 1312(a) from maintaining an action in the state. (Answer ¶ 18-22.) However, at oral argument, counsel for Defendant withdrew this affirmative defense on the record, leaving only the two Statute of Frauds affirmative defenses for resolution by this Court. (*See* Transcript of 4/21/05 Oral Argument.)

II.     *Discussion*

Ordinarily, motions to strike affirmative defenses are considered under Rule 12(f) of the Federal Rules of Civil Procedure. However, a motion to strike may be treated as a motion for partial summary judgment under Rule 56(d) when facts outside the pleadings are offered. *See Looney v. Great Amer. Ins. Co.*, 71 F.R.D. 211 (E.D.N.Y. 1976) (treating plaintiff's motion to strike defendant's affirmative defense as motion for partial summary judgment because the court received and considered materials outside of the pleadings); *Furman v. Gen. Dynamics Corp.*, 377 F. Supp. 37, 43-44 (S.D.N.Y. 1974) (same). As such, the Court will treat Plaintiff's motion as one for partial summary judgment.

Summary judgment is appropriate where "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 69 (2d Cir. 2001) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). To be "genuine," an

issue of fact must be supported by evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Holtz*, 258 F.3d at 62. Because the moving party bears the burden of showing that there are no genuine issues of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), "a court must resolve all ambiguities and draw all reasonable inferences against [it]." *Alston v. New York City Transit Auth.*, 2003 U.S. Dist. LEXIS 21741, *4 (S.D.N.Y. 2003) (*quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).

### A. *Affirmative Defenses*

An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's...claim, even if all the allegations in the complaint are true." BLACK'S LAW DICTIONARY 451 (8th ed. 2004). To trigger an affirmative defense, a defendant must first be liable for the acts complained of by the plaintiff. Therefore, Defendant is presumed, for the purpose of this motion, to be liable under the alleged contract.

#### 1. *Statute of Frauds*

Defendant's First and Second Affirmative Defenses assert that Plaintiff cannot recover against Defendant for breach of contract or unjust enrichment because the alleged contract is barred by New York's Statute of Frauds in that there is no writing evidencing an agreement between the parties. (Answer ¶¶ 15, 16.) The Statute of Frauds requires that certain agreements be in writing in order to be enforceable. Section 5-701 of New York's General Obligations Law, in which the Statute of Frauds is codified, provides, in relevant part:

> a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:
>
> 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime [...]

> 10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. "Negotiating" includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensation but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman.

N.Y. Gen. Oblig. L. § 5-701(a).

    a.    *Section 5-701(a)(1)*

Defendant relies on the provision contained in § 5-701(a)(1) in support of its assertion that any purported oral agreement between it and Plaintiff could not have been performed in one year and is therefore unenforceable. "[T]he alleged contract which Plaintiff sought to have Mogul sign was to last for five years and provided for the payment of 'commissions' for six months after termination." (Def.'s Mem. of Law at 4.) However, the Statute of Frauds does not require a writing for every agreement intended by the parties at its inception to last more than one year. It requires a writing for agreements *incapable* of being performed in one year. The agreement at issue is capable of being performed in one year, as it contains an express termination clause entitling either party to terminate by giving 60 days notice. (Walsh Decl., Ex. A ¶ 10.) See *Ohanian v. Avis Rent a Car Sys., Inc.*, 779 F.2d 101, 108 (2d Cir. 1985) ("Where either party under the contract may rightfully terminate within a year, the contract is outside the statute."); *Blake v. Voight*, 134 N.Y. 69, 72 (1892) (contract exempt from Statute of Frauds where procedure for termination held to be one of the ways to perform contract). That the contract provides for payment of outstanding commissions for six months following termination

4

does not make the agreement unperformable in one year under § 5-701(a)(1). Therefore, § 5-701(a)(1) is not available to Defendant and Plaintiff's motion is granted with respect to this affirmative defense.

b. *Section 5-701(a)(10)*

Defendant also argues that the oral agreement between it and Plaintiff is unenforceable because agreements in which a party is entitled to a finder's fee are included in those transactions requiring a writing. *See* <u>Levy v. Wilcox Press, Inc.</u>, 268 A.D.2d 235 (N.Y. App. Div. 2000) (barring as violative of § 5-701(a)(10) an oral agreement entitling plaintiff to commissions for referring business to defendant); <u>Baytree Assocs., Inc. v. Forster</u>, 240 A.D.2d 305 (N.Y. App. Div. 1997) ("[I]n acting as an intermediary between the principals of the transaction in question...the agreement [was brought] within the 'finder' provisions of [§ 5-701(a)(10)]."). Defendant is correct.

"'Negotiation' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction." N.Y. Gen. Obl. L. § 5-701(a)(10). Though the statute "has had its difficulties in interpretation," <u>Freedman v. Chem. Constr. Corp.</u>, 43 N.Y.2d 260, 266 (1977), "[t]he historical controversy whether it applied to finders as distinguished from brokers is settled to include both." <u>Id.</u> (finding arrangement in which industrialist introduced construction corporation to Saudi officials for the purpose of forming a contract for construction of plant in Saudi Arabia to be "just [the] kind of situation to which [§ 5-507(a)(10)] is addressed"); *see also* <u>Bronner v. Park Place Entm't Corp.</u>, 137 F. Supp. 2d 306, 310 (S.D.N.Y. 2001) (requiring a writing where plaintiff used his "know how" and "know who"

5

to arrange telephone conference between parties that ultimately entered into an $80,000,000 agreement).

Here, Plaintiff's activities fall squarely within the scope of § 5-701(a)(10). Plaintiff alleges that it informed Zenith of defendant's billboard space, participated in meetings to view and discuss the space, and negotiated the price and terms of the contract between Zenith and Defendant. These actions amount to "negotiating" a business opportunity within the meaning of the statute. Therefore, a written contract is required to enforce any alleged commission agreement. This is not a case involving the sale of a business or stock for which a substantial part of the seller's assets must be involved. Therefore, the cases cited by Plaintiff are inapposite. *See* *Arsham v. Banci*, 511 F.2d 1108 (6th Cir. 1975) (quantity of sale of fabrics insufficient to require § 5-701(a)(10)); *Atlas S.S. Chartering Corp. v. Dillingham Corp.*, 314 F. Supp. 1118 (S.D.N.Y. 1970) (commission in relation to sale of single barge not subject to statute); *Pass v. B.S.F. Co.*, 40 A.D.2d 813 (N.Y. App. Div. 1972) (sale of insubstantial percentage stock not sufficient to invoke statute). Therefore, Plaintiff's motion to strike the Second Affirmative Defense is denied.[1]

---

[1] Insofar as it is argued by Plaintiff, the doctrine of part performance, which estops a party from asserting the Statute of Frauds as a defense, is unavailable in this instance. The New York Court of Appeals has rejected the suggestion that there exists a "judicially-created part performance exception to...§ 5-701." *Messner Vetere Berger McNamee Schmetterer Euro RSCG, Inc. v. Aegis Group plc*, 93 N.Y.2d 229, 235 n.1. (1999). The part performance exception relates instead to § 5-703. *See* *Anostario v. Vincinanzo*, 59 N.Y.2d 662 (1983) (rejecting argument that plaintiff's part performance warranted exception to § 5-703 (1)); *see also* *Sea Trade Co., Ltd. v. Fleet Boston Fin. Corp.*, 2004 WL 2029399 (S.D.N.Y. Sept. 9, 2004) ("[S]everal New York courts that have directly addressed the issue [of whether part performance provides an exception to § 5-701(a)(10)] post-*Messner Vetere* have held that no such exception exists."); *Valentino v. Davis*, 270 A.D.2d 635, 637 (N.Y. App. Div. 2000) (finding *Anostario* irrelevant to § 5-701 analysis and part performance therefore unavailable).

III.  *Conclusion*

Plaintiff's motion is granted, in part, and denied, in part.  Though the agreement at issue is capable of being performed in one year, it is still subject to the Statute of Frauds insofar as it is an agreement for services rendered in the course of negotiating a business opportunity. Therefore, the Court grants Plaintiff's motion for partial summary judgment of Defendant's First Affirmative Defense but denies the motion with respect to the Second Affirmative Defense.

**SO ORDERED.**

_____S/_____
SANDRA L. TOWNES
UNITED STATES DISTRICT JUDGE

Dated:     July 28, 2005
           Brooklyn, NY

7